The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, Arkansas 72018
Dear Senator Webb:
This opinion is being issued in response to your recent question regarding the use of highway revenues by municipalities.
You have noted in your correspondence that the state collects revenues and disseminates them to municipalities for maintenance and construction of the municipal road systems. The services of certain administrative and professional personnel, such as attorneys, accountants, and clerks, are often necessary in connection with municipal road maintenance and construction. In some of the smaller municipalities, these services are not needed on a full-time basis. In light of these facts and legal framework, you have presented the following question:
 Would it be legally permissible for smaller municipalities, which do not need the full-time services of administrative and professional personnel in connection with road maintenance and construction, to pay a pro-rata share of the cost of such personnel from street fund monies?
It is my opinion that municipalities may use their share of highway revenues to pay a pro rata share of the cost of personnel services performed in connection with the maintenance, construction, and reconstruction of municipal streets.
Municipalities receive a share of highway revenues pursuant to A.C.A. §27-70-206(3). That statute provides that after payment of certain percentages of state highway revenues to designated funds, fifteen percent of the amount remaining is to be distributed to the Municipal Aid Fund, to be used for "the maintenance, construction, and reconstruction of streets which are not continuations of state highways." The only other state law restriction on the use of these funds is that no more than ten percent of the revenues can be used for public transportation in cities having a population greater than 50,000. See A.C.A. § 27-70-207(b)(1).
In my opinion, the state law's designated use of the fund ("maintenance, construction, and reconstruction of streets which are not continuations of state highways") is expressed in terms that are broad enough to encompass the payment of the cost of professional and administrative personnel, to the extent that the service of such personnel is related to the maintenance, construction, and reconstruction of municipal streets.
I therefore conclude that if the cost of personnel services related to the maintenance, construction, and reconstruction of municipal streets can be determined apart from the cost of any other service performed by such personnel, the municipality may legally pay such costs using monies from its share of highway revenues.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh